UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


Leo Raymond

     v.                              Civil No. 10-cv-488-LM

Bob Mariano Jeep Dodge Sales


**O R D E R**

In a case that has been removed from the Merrimack County
Superior Court, Leo Raymond is suing his former employer in four
counts, seeking damages for age and disability discrimination
under both federal law (Counts I-III) and state law (Count IV).
Before the court is defendant's motion to dismiss a portion of
Count IV for failure to state a claim.  Raymond objects.  For
the reasons given, defendant's motion to dismiss is granted.

**The Legal Standard**

A motion to dismiss for "failure to state a claim upon
which relief can be granted," Fed. R. Civ. P. 12(b)(6), requires
the court to conduct a limited inquiry, focusing not on "whether
a plaintiff will ultimately prevail but whether the claimant is
entitled to offer evidence to support the claims."  Scheuer v.
Rhodes, 416 U.S. 232, 236 (1974).  "To survive a motion to
dismiss, a complaint must contain sufficient factual matter,
accepted as true, to state a claim to relief that is plausible

on its face." <u>Sutliffe v. Epping Sch. Dist.</u>, 584 F.3d 314, 325
(1st Cir. 2009) (quoting <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937,
1949 (2009)).  On the other hand, a Rule 12(b)(6) motion should
be granted if "the facts, evaluated in [a] plaintiff-friendly
manner, [do not] contain enough meat to support a reasonable
expectation that an actionable claim may exist." <u>Andrew</u>
<u>Robinson Int'l, Inc. v. Hartford Fire Ins. Co.</u>, 547 F.3d 48, 51
(1st Cir. 2008) (citations omitted).

## Background

The relevant facts, drawn largely from Raymond's complaint,
are as follows.

Leo Raymond was born in 1946.  He has a hearing impairment
that requires him to wear hearing aids.

In 1998, Raymond started working as a salesperson for Bob
Mariano Jeep Dodge Sales.  He was supervised by General Manager
Brian Duval and Sales Manager Tim Randolett.  His job
performance has always been good.

Upon Duval's promotion to the position of Sales Manager in
2005, Duval and Randolett began to harass Raymond, based on his
age and hearing impairment, in a variety of ways.  Regarding his
age, they called him "old man" and told him that he did not do a
good job selling cars because he was too old.  When Raymond
received a high rating on a "secrete shopper" survey, Duval
said, in public, that he was surprised that Raymond could

remember things well enough to get a good rating.  Regarding Raymond's hearing impairment, Duval and Randolett pretended to speak to him by moving their lips without making any sound. They also yelled in his ear and increased the volume of the dealership's public address system, knowing that when Raymond was wearing his hearing aids, loud noises caused him pain.

In addition, based on Raymond's age and hearing impairment, Duval and Randolett excluded him from good sales prospects, gave him the least desirable work station in the showroom, disproportionately assigned him non-remunerative tasks such as clearing snow off cars, and excluded him from a sales meeting to which other salespersons were invited.

Finally, in February 2008, when Raymond told Duval of his intention to take his annual vacation during the week of July 6, Duval told him that another salesperson had already asked to have that week off and that he (Duval) did not want two salespeople to be away from work at the same time on at least one occasion.  However, Duval did allow two salespeople to be away from work at the same time.  In May, when the vacation schedule was posted, Raymond did not get the week he requested. He then told Duval that he had already put down a deposit on his family's vacation housing.  Duval did not tell Raymond that he could not take his vacation during the week he had selected.  On July 5, one day before he started his vacation, Raymond reminded

Duval that he was going on vacation the next day.  Duval told
Raymond that if he did not come to work the next day, he would
be quitting his job.  When Raymond returned from vacation, Duval
told him that his employment had been terminated.

Based on the foregoing, Raymond filed a timely charge of
discrimination with the New Hampshire Commission for Human
Rights ("Human Rights Commission" or "HRC") and the Equal
Employment Opportunity Commission.  The HRC found probable cause
for Raymond's hostile-work-environment claim, <u>see</u> Pl.'s Obj.,
Attach. B (doc. no. 10-3), at 2, but determined that Raymond's
claim for discriminatory termination was not supported by
probable cause, <u>see</u> <u>id.</u>  Raymond did not appeal that
determination under the procedure described in N.H. Rev. Stat.
Ann. ("RSA") § 354-A:21, II(a).

After the HRC issued its findings, defendant removed
Raymond's hostile-work-environment claim to the Merrimack County
Superior Court, pursuant to RSA § 354-A:21-a, and subsequently
removed the case to this court.  In this court, Raymond filed an
amended complaint, doc. no. 6, in which he asserts that he was
subjected to a hostile work environment, due to his age and
hearing impairment, in violation of 42 U.S.C. § 12112 and 29
U.S.C. § 623 (Count I); that his sales efforts were undercut on
account of his age and disability (Count II); and that he was
terminated because of his age, disability, and perceived

disability (Count III).  He further asserts, in Count IV, that
each of the federal claims stated in Counts I-III also states a
claim under RSA § 354-A:7.

**Discussion**

Defendant moves to dismiss Count IV to the extent that
Count IV asserts a claim for discriminatory termination under
RSA 354-A:7.  Defendant argues that while the Human Rights
Commission determined that Raymond's hostile-work-environment
claim was supported by probable cause, it also determined that
his claim for discriminatory termination was not.  In
defendant's view, because Raymond had no right to a superior
court trial on the merits of his state-law discriminatory-
termination claim, pursuant to RSA 354-A:21-a, I, he has no
right to a trial on the merits of that claim in this court
either.

In response, Raymond begins by characterizing the HRC's
partially favorable and partially unfavorable probable-cause
determination as a "mixed finding."  He then argues that RSA
354-A:21, II(a), which establishes the right to Superior Court
review of unfavorable probable-cause determinations, does not
contemplate mixed findings and, by its express language, only
grants a right of appeal when a complaint, as opposed to a
charge or a claim, has been dismissed for lack of probable
cause, which did not happen in this case, owing to the HRC's

determination that the hostile-work-environment claim was
supported by probable cause.  In Raymond's view, the fact that
his complaint was not dismissed by the HRC barred him from
seeking judicial review of the adverse probable-cause
determination and counsels in favor of allowing him to pursue
his claim for discriminatory termination in this court.

Raymond also argues that if the court were to accept
defendant's position, it would place complainants in mixed-
finding cases in the untenable position of either dropping the
claim(s) for which the HRC found no probable cause or
bifurcating their complaints by challenging the unfavorable
probable-cause determination(s) in one proceeding while pursuing
the merits of the claims for which probable cause was found in a
different proceeding.  According to Raymond, such a result would
be burdensome on the parties and an inefficient use of judicial
resources.  He concludes by noting the legislature's instruction
that "[t]he provisions of [RSA 354-A] shall be construed
liberally for the accomplishment of the purposes thereof."  RSA
354-A:25.  While Raymond's argument has a certain appeal, in the
end, it is insufficient to stave off dismissal of the state-law
discriminatory-termination claim asserted in Count IV.

Raymond filed his Charge of Discrimination with the HRC on
September 5, 2008.  Notice of Removal, Ex. 1 (doc. no. 1-2), at
1.  Starting 180 days thereafter, Raymond had the right to bring

a civil action in the superior court based on the allegations in his Charge of Discrimination, and that option remained open to him until three years after the occurrence of the allegedly unlawful practice.  See RSA 354-A:21-a, I.  Raymond did not bring a civil action in the superior court.  On August 5, 2010, the HRC issued an investigative report that included a finding of probable cause for Raymond's hostile-work-environment claim and a finding of no probable cause for his discriminatory-termination claim.  The relevant statute provides that "[w]hen the investigating commissioner finds no probable cause to credit the allegations in the complaint, the complaint shall be dismissed, subject to a right of appeal to superior court."  RSA 354-A:21, II(a).[1]  While the HRC did not dismiss Raymond's complaint, due to the investigating commissioner's determination that the hostile-work-environment claim was supported by

---

[1] A superior court appeal of a determination of no probable cause is subject to the following procedures and standards:

> To prevail on appeal, the moving party shall establish that the commission decision is unlawful or unreasonable by a clear preponderance of the evidence. The findings of the investigating commissioner upon questions of fact shall be upheld as long as the record contains credible evidence to support them.  If it reverses the finding of the investigating commissioner, the superior court shall remand the case for further proceedings in accordance with RSA 354-A:21, II, unless the complainant or respondent elects to proceed with a hearing in superior court pursuant to RSA 354-A:21-a.

RSA 354-A:21.

probable cause, it effectively dismissed the discriminatory-
termination claim, in that it is clear that no further
proceedings on that claim, such as those described in RSA 354-
A:21, II(b)-(f), would have been available to Raymond before the
HRC after it issued its investigative report.  As noted, Raymond
did not appeal the unfavorable probable-cause determination to
the superior court.

Based on the investigating commissioner's determination
that Raymond's hostile-work-environment claim was supported by
probable cause, the HRC scheduled a public hearing, pursuant to
RSA 354-A:21, II(b), on the following issue:

> Whether Complainant was unlawfully discriminated
> against by his employer who created a hostile work
> environment based on age and disability in violation
> of NH RSA 354-A:7(I), Title I of the Americans with
> Disabilities Act of 1990 ["ADA"], 42 U.S.C. §12101 et
> seq. and §623(a)(1) of the Age Discrimination in
> Employment Act of 1967 ("ADEA") as amended.

Notice of Removal, Ex. 2 (doc. no. 1-2), at 1.  On September 27,
2010, defendant removed that claim to the Merrimack County
Superior Court, as was its right under RSA 354-A:21-a, I, which
provides that "[a]ny party alleged to have committed any
practice made unlawful under this chapter may, in any case in
which a determination of probable cause has been made by the
investigating commissioner, remove said complaint to superior
court for trial."  That statute further provides that "[a]
superior court trial shall not be available . . . to a

complainant whose charge has been dismissed as lacking in
probable cause who has not prevailed on an appeal to superior
court pursuant to RSA 354-A:21, II(a)."  Id.  Because Raymond
never appealed the adverse probable-cause determination on the
discriminatory-termination claim that the HRC effectively
dismissed, is it clear that the superior court would not have
reached the merits of that claim had Raymond attempted to pursue
it in that forum.

    But, of course, the case was removed to this court.  More
specifically, the case defendant removed consisted solely of
Raymond's hostile-work-environment claim.  For all intents and
purposes, the discriminatory-termination claim was abandoned by
virtue of Raymond's failure to appeal the HRC's adverse
probable-cause determination to the superior court.  That claim
came back into this case after it was removed to this court,
when plaintiff filed his amended complaint.  For its part,
defendant indicated in its answer to the amended complaint that
it was simultaneously filing the motion currently before the
court to challenge Raymond's legal right to pursue his state-law
claim for discriminatory termination.

    While Raymond argues that considerations of litigant
convenience and judicial economy counsel in favor of allowing
him to litigate the merits of his state-law discriminatory-
termination claim in this court, the bifurcation he identifies

as problematic has been a part of this case ever since the HRC
issued its two probable-cause findings; from that point on,
Raymond's two claims have been on separate tracks.  Moreover,
bifurcation is mandated by RSA 354-A:21-a itself, which plainly
requires that charges, i.e., claims, be treated differently
depending on whether or not the HRC has found probable cause for
them.

     The statute does not expressly address the issue of "mixed
findings," but there is nothing in the statute or the case law
to suggest that the legislature ever contemplated that a
complainant could by-pass the appeal requirement for adverse
probable-cause determinations by piggybacking a claim not
supported by probable cause onto a claim for which the HRC found
there was probable cause in the superior court, or by eschewing
the appeal process and later injecting a claim not supported by
probable cause into the case after remand to federal court by
means of an amended complaint.  In short, because Raymond had no
right to a hearing on the merits of his state-law
discriminatory-termination claim before the HRC, and had no
right to a trial on the merits in the superior court, he has no
right to a hearing on the merits in this court, either.  Thus,
defendant is entitled to the partial dismissal it seeks.

     In so ruling, the court makes the following observations.
The court's interpretation of RSA 354-A:21 and 21-a, which

results in a decision in defendant's favor does impose the
logistical costs of bifurcation on claimants in Raymond's
position.  But, such an interpretation does not deny claimants
in Raymond's position the opportunity to fully pursue claims for
which the HRC initially finds no probable cause.  On the other
hand, however, an interpretation that would result in a decision
in Raymond's favor would give claimants in his position
something the legislature plainly intended to deny them, the
right to a trial on the merits of a claim for which the HRC has
not found probable cause.  Notwithstanding the legislature's
"liberal construction" mandate, RSA 354-A:21 and 21-a are best
understood as requiring a favorable probable-cause
determination, from the HRC or the superior court, before a
complainant can pursue a claim in court, on the merits.

    Finally, the court has considered, but must reject, one
possible solution to Raymond's bifurcation problem.
Specifically, the court entertained the possibility of reviewing
the HRC's adverse probable-cause determination under the same
standards that the superior court would apply if Raymond had
pursued the statutory appeal process.  But, notwithstanding the
surface appeal of that approach, it would not be appropriate.
The age- and disability-discrimination claims defendant removed
from the HRC to the superior court, and from the superior court
to this court, are properly before this court because this court

would have original jurisdiction over them in the first
instance.  See 28 U.S.C. § 1441(a).

An appeal of the HRC's probable-cause determination,
however, is another matter.  If Raymond had appealed the HRC's
probable-cause determination, it is not at all clear – and it
seems highly unlikely – that defendant could have removed that
appeal to this court.  This court has original jurisdiction over
both ADA claims and ADEA claims.  But, it is far less certain
that an HRC probable-cause determination presents a federal
question.  The ADA and the ADEA are federal statutes that
provide causes of action.  An HRC complainant's obligation to
establish probable cause as a prerequisite to getting a hearing
on the merits before the HRC (or in the superior court) is
purely a creature of state law.  On that basis, a complainant's
appeal of an adverse probable-cause determination would not
appear to be removable from the superior court to this court.
Accordingly, the court declines to review the HRC's
determination that Raymond's discriminatory-termination claim
was not supported by probable cause.

## Conclusion

For the reasons given, defendant's motion to dismiss, doc.
no. 9, is granted.  Count IV is now limited to a claim under RSA

354-A that mirrors the federal claims asserted in Counts I and
II.

     **SO ORDERED.**

                          _____
                          Landya B. McCafferty
                          United States Magistrate Judge

Date: February 17, 2011

cc:  Debra Weiss Ford, Esq.
     H. Jonathan Meyer, Esq.